IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TANYA M. OSTROSKI,

    Plaintiff,

vs.

MILLENNIUM PHYSICIAN GROUP, LLC,

    Defendant.

Case No.:

## COMPLAINT

Plaintiff, TANYA M. OSTROSKI ("Ostroski" or "Plaintiff") sues Defendant, MILLENNIUM PHYSICIAN GROUP, LLC ("Millennium" or "Defendant"), and alleges:

### NATURE OF CLAIMS

1. This is an action under the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq., (FMLA).

### JURISDICTION AND VENUE

2. This action arises under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2617. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Plaintiff is a resident and citizen of Lee County, Florida.

4. Defendant is a Florida limited liability company, with its principal place of business located at 6321 Daniels Parkway, Suite 201, Fort Myers, Florida 33912.

5. Defendant conducts business in several counties throughout the state of Florida, and is registered with the Florida Department of State, Division of Corporations.

6. The actions giving rise to this Complaint occurred in Charlotte County, Florida. Defendant employed Plaintiff in Charlotte County. The wrongful acts alleged herein, including Plaintiff's termination and the interference with Plaintiff's FMLA rights, occurred in the Middle District of Florida, Charlotte County.

7. Venue is proper in the Middle District of Florida, Fort Myers Division.

## FMLA COVERAGE AND ELIGIBILITY

8. At all times material, Defendant was engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of the 20 or more calendar workweeks in the then current or preceding calendar year.

9. At times material, Plaintiff was employed at a work site or location where Defendant employed 50 or more employees within a 75-mile radius.

10. At all times material, Plaintiff was an employee eligible for FMLA leave because she was employed at least 12 months and worked at least 1250 hours during the 12-month period immediately preceding her FMLA leave request.

## STATEMENT OF FACTS

11. Defendant is a healthcare group that provides various medical services to patients throughout the State of Florida.

12. Plaintiff was employed by Defendant in a full-time capacity from approximately May 2019 until March 12, 2024.

13. Plaintiff was employed in the position of "practice manager."

14. On September 14, 2023, Plaintiff had to undergo a spinal fusion surgery. After the surgery, Defendant approved Plaintiff to continue in her position on a work-from-home basis.

15. On November 10, 2023, Plaintiff had to undergo a second surgery.

16. Prior to the surgery, Plaintiff repeatedly inquired about FMLA. Defendant failed to provide sufficient responses regarding her FMLA rights until the day of the surgery.

17. On November 9, 2023, Defendant finally provided the FMLA paperwork and Plaintiff went out on FMLA leave.

18. On January 5, 2024, Plaintiff provided Defendant paperwork that she was released to work without restrictions beginning on January 22, 2024. Despite the clear release to work, Defendant requested Plaintiff obtain revised release to work documents several times.

19. On February 02, 2024, Plaintiff returned to work. Immediately upon return, Plaintiff was forced to attend a restructuring meeting wherein she was given

new duties, expectations, and offices. This change also negatively affected her income and ability to earn compensation.

20. On March 08, 2024, Plaintiff was called into a compliance meeting and told she was being investigated for a school excuse note provided to her daughter approximately 3 years prior.

21. On March 12, 2024, Defendant terminated Plaintiff's employment due to the 2021 school excuse note.

22. Defendant's proffered reason for terminating Plaintiff is pretextual. Defendant terminated Plaintiff because of her FMLA leave of absence.

## COUNT I
## Family Medical Leave Act
**(Interference with Plaintiff's Exercise of FMLA Rights)**

23. Plaintiff realleges and incorporates allegations 1–22.

24. Plaintiff qualified for FMLA leave because she had a "serious health condition" under 29 U.S.C. § 2611(11) and 29 U.S.C. § 2612(a)(1)(D). Specifically, Plaintiff had an injury, impairment and physical condition that required inpatient care in a hospital and continuing treatment by a healthcare provider.

25. Defendant was given notice of Plaintiff's need for FMLA leave due to a serious health condition.

26. Defendant interfered with Plaintiff's FMLA rights under 29 U.S.C. § 2615(a)(1) by failing to restore her to the same position, changing Plaintiff's duties and offices, creating a hostile environment, dissuading Plaintiff from taking FMLA leave, and terminating Plaintiff for exercising her FMLA rights.

27. As a result of Defendant's actions, Plaintiff has suffered damages and seeks to recover lost wages, benefits, interest, liquidated damages and attorney's fees and costs, and such other relief as is allowed under the FMLA and authorized by the Court.

## COUNT II
## Family Medical Leave Act
### (FMLA Retaliation/Discrimination)

28. Plaintiff realleges and incorporates allegations 1-22.

29. Plaintiff engaged in protected activity under the FMLA when she requested leave for a qualifying serious health condition under the FMLA.

30. Plaintiff suffered an adverse employment action (discharge) proximally to her taking FMLA leave.

31. Plaintiff's termination was causally connected to her FMLA protected leave.

32. Defendant's retaliation/discrimination was willful; furthermore, Defendant's decision to terminate Plaintiff due to her availment of a right under the FMLA was objectively unreasonable per 29 U.S.C. §2617(a)(1)(A)(iii), which authorizes liquidated damages under such circumstances.

33. As a result of Defendant's actions, Plaintiff has suffered damages and seeks to recover lost wages, benefits, interest, liquidated damages, attorney's fees and costs, and such other relief as is allowed under the FMLA and authorized by the Court.

## NOTICE OF LEAD COUNSEL DESIGNATION

Under Local Rule 2.02(a), Plaintiff, Tanya M. Osteroski designates Jason L. Gunter, as lead counsel.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief under both Count I and Count II:

a. Lost back wages and benefits;

b. Front pay;

c. Interest;

d. Liquidated damages;

e. Attorney's fees and costs;

f. All such other relief as the Court deems proper.

Dated: August 13, 2025

        Respectfully submitted,

        /s/ Jason L. Gunter
        Jason L. Gunter
        Fla. Bar No. 0134694
        Email: Jason@GunterFirm.com
        Conor P. Foley
        Fla. Bar No. 111977
        Email: Conor@GunterFirm.com
        Peter M. Jennings
        Fla. Bar No. 1054512
        Email: Peter@GunterFirm.com

**GUNTERFIRM**
2165 W. First St., #104
Fort Myers, FL 33901
Tel: 239.334.7017

Case 2:25-cv-00721   Document 1   Filed 08/13/25   Page 7 of 7 PageID 7